IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**GLENDA HARPER**                                                                          **PLAINTIFF**

V.                                    CASE NO. 5:10CV00052 JMM

**JEFFERSON HOSPITAL ASSOCIATION
D/B/A JEFFERSON REGIONAL MEDICAL
CENTER AND CHARLES MABRY, M.D.**                                       **DEFENDANTS**

### ORDER

Pending before the Court is Defendant Dr. Charles Mabry's Motion for Summary Judgment. For the reasons stated below, the motion is granted in part and denied in part (#11).

Plaintiff brought her complaint against Dr. Mabry contending that he breached or caused a breach of an employment contract between the Plaintiff and the Jefferson Regional Medical Center ("JRMC") by making untrue statements concerning her employment performance. Plaintiff contends that Dr. Mabry made these statements in retaliation for Plaintiff giving a deposition in support of a discrimination lawsuit against JRMC and that his actions were in violation of 42 U.S.C. § 1981, the Arkansas Civil Rights Act of 1963 ("ACRA"), and Arkansas's common law of Tortious Interference with a Contractual Relationship.

Dr. Mabry filed his Motion for Summary Judgment contending that Plaintiff has failed to establish a *prima facie* case of retaliation under § 1981 and ACRA, and, as a matter of law, failed to state a Tortious Interference with a Contractual Relationship claim.

*Facts*

Plaintiff was employed by JRMC as a registered nurse and as director of the hospital's surgical services area. Plaintiff gave deposition testimony on March 31, 2009, in a discrimination lawsuit filed by Carolyn Jackson against JRMC. JRMC terminated Plaintiff's employment on October 6, 2009.

Dr. Mabry is a physician who specializes in general and vascular surgery who holds the position of Medical Director for Quality at JRMC. As Medical Director for Quality, Dr. Mabry serves as physician advisor to the Quality Department of JRMC and advises JRMC regarding employees. Dr. Mabry gave advice to JRMC concerning Plaintiff's employment performance.

*Analysis*

Plaintiff contends that after her testimony in the Jackson lawsuit, Dr. Mabry unfairly criticized her management of the surgical services areas. Plaintiff testified that "Dr. Mabry had substantial influence in the opinions and ultimately the employment decisions reached by JRMC . . . . As Medical Director for Quality, Dr. Mabry knew of my testimony regarding racial discrimination on behalf of another employee before I was terminated." Pl. Statement of Facts, Ex. A. Plaintiff's testimony, allegations and statements are that Dr. Mabry is an agent of JRMC and that he acted within the scope of his agency when he made untrue and unfair statements in advising JRMC to terminate her employment.

Dr. Mabry's testimony is that he is a member of the medical staff at JRMC and that he investigated Plaintiff's performance. Dr. Mabry does not dispute that he is an agent for JRMC. However he does dispute that he acted in bad faith in his investigation and that he had the authority to terminate Plaintiff's employment.

Dr. Mabry testified that "[a]t no time did I have any supervisory or management authority or control over Ms. Harper.  I have never had the authority to hire, fire, or discipline any employee of JRMC. . . .  I was not aware until I was served with the complaint in this lawsuit that Glenda Harper had given any testimony in any suit brought by any person against JRMC."  Def. Motion for Summary Judgment, Ex. 1.

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds.  *Seymour v. City of Des Moines*, 519 F.3d 790, 796 (8th Cir. 2008);  Fed. R. Civ. P.56.  The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Court finds that there are material disputes over whether Dr. Mabry was a decision maker in regard to Plaintiff's termination and whether Dr. Mabry was aware of Plaintiff's testimony in the Jackson lawsuit.  These disputes preclude the grant of summary judgment on Plaintiff's § 1981 and ACRA claims (#11).

"It is well settled that a party to a contract, and its agents acting in the scope of their authority, cannot be held liable for interfering with the party's own contract."  *St. Joesph's Regional Health Center v. Muno*, 326 Ark. 605, 614, 934 S.W. 2d 192, 196 (1996).  Neither Plaintiff nor Dr. Mabry dispute that he is an agent for JRMC and that he was acting within the scope of his employment in advising JRMC concerning Plaintiff's job performance.  There is a dispute as to the truthfulness of the advice Dr. Mabry gave to JRMC, but that is not a material fact.

For purposes of determining whether Dr. Mabry can be held liable under this claim, it is immaterial what advice or information Dr. Mabry gave to JRMC.  The material fact is whether he acted as an agent of JRMC when he evaluated Plaintiff's employment performance and this is not in dispute.  Under Arkansas law he cannot be held liable as an agent for the principal for interfering with Plaintiff's contract.

Plaintiff's complaint alleges that Dr. Mabry interfered with her employment contract by creating a hostile and unpleasant work environment in an effort to make her resign.  It is undisputed that Plaintiff did not resign and there are no facts pled to reflect how a hostile work environment interfered with Plaintiff's contract, e.g., she was unable to work effectively due to her work environment.  In fact, the Plaintiff's allegations are that she performed her duties in a professional and competent manner.

*Conclusion*

Dr. Mabry's Motion for Summary Judgment on Plaintiff's § 1981 and ACRA claims is denied and the Motion for Summary Judgment on Plaintiff's Tortious Interference with a Contractual Relationship is granted.

**IT IS SO ORDERED THIS   3   day of   November  , 2010.**

James M. Moody
United States District Judge