IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GLENDA HARPER                                                  PLAINTIFF

vs.                No. 5:10cv52JMM

JEFFERSON HOSPITAL ASSOCIATION
d/b/a JEFFERSON REGIONAL MEDICAL
CENTER and CHARLES MABRY, M.D.                  DEFENDANTS

## CONSENT CONFIDENTIALITY AND QUALIFIED PROTECTIVE ORDER

Whereas, the Plaintiff and Defendants ("the parties") to this Consent Confidentiality and Protective Order have agreed and stipulated that certain materials subject to disclosure and discovery in this litigation contain information protected from disclosure under Arkansas and federal law, including documents generated during the peer review and quality assurance processes at Jefferson Regional Medical Center ("JRMC") and "protected health information" under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); accordingly, it is ordered as follows:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter,

collectively, "documents") will be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential documents will be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents will be designated CONFIDENTIAL prior to or contemporaneously with the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential will not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3. **Documents Which May be Designated Confidential.** Any party may designate documents as confidential but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. The designation will be made concurrently with the disclosure of the documents. Information or documents which are available in the public sector may not be designated as confidential.

4. **Depositions.** Portions of depositions will be deemed confidential only if designated as such when the deposition is taken or within seven (7) business days after receipt of the transcript. Such designation will be specific as to the portions to be protected.

5. **Protection of Confidential Material.**

   a. **General Protections.** Documents designated CONFIDENTIAL under this Order will not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

   b. **Limited Third Party Disclosures.** The parties and counsel for the parties will not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below:

      (1) counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

    (2) parties and employees of a party to this Order;

    (3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

    (4) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

    (5) other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

c. **Control of Documents.** Counsel for the parties will take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential based on the terms of this order.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Confidential under this Order or

        any portion of such a document will be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies will be afforded the full protection of this Order.

   e. **Redaction.** In order to protect the confidentiality of the peer review and quality assurance processes and the privacy of individual physicians and patients, counsel for the parties shall, insofar as possible, redact the names of physicians and patients and replace them with numbers or with letters of the alphabet in accordance with physician and patient keys to be provided to counsel.

6. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party will take appropriate action to ensure that the documents receive proper protection from public disclosure, including (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file

-5-

the document under seal. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the Court will first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order may be construed as a prior directive to the Clerk of Court to allow any document be filed under seal.

7. **Challenges to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge. The following procedures will apply to any such challenge.

    a. The burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality.

    b. A party who contends that documents designated CONFIDENTIAL are not entitled to Confidential treatment will give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents will have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial

intervention and, if not, to move for an Order confirming the Confidential designation.

c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL will continue to be treated as subject to the full protections of this Order until one of the following occurs:

   (1) the party who claims that the documents are confidential withdraws such designation in writing;

   (2) the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or

   (3) the Court rules that the documents should no longer be designated as confidential information.

d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

8. **Treatment on Conclusion of Litigation.**

   a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL will continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

   b. **Return of CONFIDENTIAL Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶5.d.), will be returned to the producing party unless (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction.

   c. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL so long as that work product does not duplicate

verbatim substantial portions of the text of confidential documents. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation, provided that its use does not disclose the confidential documents.

9. **Order Subject to Modification.** This Order will be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order will not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

10. **No Judicial Determination.** This Order is entered based on the agreements of the parties and for the purpose of facilitating discovery. Nothing herein will be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling has been made.

11. **Persons Bound.** This Order will take effect when entered and will be binding upon (1) all parties to this

litigation and their agents and employees; and (2) attorneys for the parties and the agents, employees, and consultants of such attorneys.

12. This Order serves as a Qualified Protective Order for any and all documents or information used or disclosed in accordance with 45 CFR §512(e).

IT IS SO ORDERED this 25 day of April, 2010.

UNITED STATES DISTRICT JUDGE

APPROVED:

John W. Walker
JOHN W. WALKER, P.A.
1723 South Broadway
Little Rock, Arkansas   72206
Telephone:   501-374-3758
E-Mail:   johnwalkeratty@aol.com

Paul E. Lindsey
HARRELL, LINDSEY & CARR
Post Office Box K
Camden, Arkansas   71711
Telephone:   870-836-7725
E-Mail:   pel@harlind.com

Allen P. Roberts
ALLEN P. ROBERTS, P.A.
325 Jefferson Street
Camden, Arkansas   71701
Telephone:   870-836-5310
E-Mail:   allen@aprobertslaw.com

By: _____
ALLEN P. ROBERTS

Attorneys for Plaintiff

Spencer F. Robinson
RAMSAY, BRIDGFORTH, ROBINSON & RALEY LLP
Post Office Box 8509
Pine Bluff, Arkansas 71611
Telephone: 870-535-9000
E-Mail: spencerrobinson@ramsaylaw.com

By: _/s/ Spencer F. Robinson_
SPENCER F. ROBINSON

   Attorneys for Jefferson
   Hospital Association d/b/a
   Jefferson Regional
   Medical Center

Byron Freeland
MITCHELL, WILLIAMS, SELIG,
  GATES & WOODYARD, PLLC
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201-3525
Telephone: 501-688-8800
E-Mail: BFreeland@mwlaw.com

ANDERSON, MURPHY & HOPKINS, L.L.P.
400 West Capitol Avenue, Suite 2470
Little Rock, Arkansas 72201
Telephone: 501-372-1887
E-mail: anderson@amhfirm.net
Bar #: 73003

By: _/s/ Overton Anderson_
OVERTON ANDERSON

   Attorneys for
   Dr. Charles Mabry