IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


**GLENDA HARPER**                                                                                                   **PLAINTIFF**


**V.**                                            **CASE NO. 5:10CV00052 JMM**


**JEFFERSON HOSPITAL ASSOCIATION**
**D/B/A JEFFERSON REGIONAL MEDICAL**
**CENTER AND CHARLES MABRY, M.D.**                                              **DEFENDANTS**


**ORDER**

Pending before the Court is Defendant Dr. Charles Mabry's Renewed Motion for Summary Judgment. For the reasons stated below, the motion is granted (#24).

Plaintiff brought her complaint against Dr. Mabry contending that he breached or caused a breach of an employment contract between Plaintiff and the Jefferson Regional Medical Center ("JRMC") by making untrue statements concerning her employment performance. Plaintiff contends that Dr. Mabry made these statements in retaliation for Plaintiff giving a deposition in support of a discrimination lawsuit against JRMC and that his actions were in violation of 42 U.S.C. § 1981, the Arkansas Civil Rights Act of 1963 ("ACRA"), and Arkansas's common law of tortious interference with a contractual relationship.

1

*Facts*

Plaintiff was employed by JRMC as a registered nurse and as director of the hospital's surgical services area. Plaintiff gave deposition testimony on March 31, 2009, in a discrimination lawsuit filed by Carolyn Jackson against JRMC. JRMC terminated Plaintiff's employment on October 6, 2009.

Dr. Mabry is a physician who specializes in general and vascular surgery who holds the position of Medical Director for Quality at JRMC. As Medical Director for Quality, Dr. Mabry serves as physician advisor to the Quality Department of JRMC and advises JRMC regarding its employees. Dr. Mabry gave advice to JRMC concerning Plaintiff's employment performance.

Dr. Mabry previously filed a Motion for Summary Judgment contending that Plaintiff has failed to establish a *prima facie* case of retaliation under § 1981 and ACRA, and, as a matter of law, failed to state a tortious interference with a contractual relationship claim.[1]

At that time, by affidavit, Plaintiff testified that "Dr. Mabry had substantial influence in the opinions and ultimately the employment decisions reached by JRMC . . . . As Medical Director for Quality, Dr. Mabry knew of my testimony regarding racial discrimination on behalf of another employee before I was terminated." Doc. #18, Ex. A. Plaintiff's testimony, allegations and statements are that Dr. Mabry is an agent of JRMC and that he acted within the scope of his agency when he made untruthful statements in advising JRMC to terminate her employment.

---

[1]On November 3, 2010, the Court granted the Motion in Summary Judgment in part by dismissing Plaintiff's tortious interference with a contractual relationship for failure to state a claim.

Dr. Mabry's testimony, by affidavit, was that he is a member of the medical staff at JRMC and that he investigated Plaintiff's performance. Dr. Mabry testified that "[a]t no time did I have any supervisory or management authority or control over Ms. Harper. I have never had the authority to hire, fire, or discipline any employee of JRMC. . . . I was not aware until I was served with the complaint in this lawsuit that Glenda Harper had given any testimony in any suit brought by any person against JRMC." Doc. #11, Ex. 1.[2]

Dr. Mabry's first Motion for Summary Judgment was denied on the § 1981 and ACRA claims based upon the conflicting affidavits. Subsequent to this denial, on March 2, 2011, Plaintiff was deposed.

In her deposition, Plaintiff was asked what proof she had that Dr. Mabry knew she had given deposition testimony in Jackson's discrimination lawsuit against JRMC. Plaintiff testified that she had no evidence other than her opinion that Dr. Mabry "was in tune with what went on with [the] administration day-to-day." Doc. #24, Ex. B. at 32-33. When further questioned, Plaintiff testified that she did not have any evidence to support her allegation that Dr. Mabry knew about her deposition in the Jackson case. *Id.*

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Seymour v. City of Des Moines*, 519 F.3d 790, 796 (8th Cir. 2008); Fed. R. Civ. P. 56. The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

---

[2]This same affidavit was filed in support of Dr. Mabry's Renewed Motion for Summary Judgment. Doc. #24, Ex. A.

3

Courts apply the same analysis to claims of retaliation under Title VII, 42 U.S.C. § 1981, and ACRA. *See Davis v. KARK-TV, Inc*., 421 F.3d 699, 703 (8th Cir. 2005). Consequently, the Court's analysis of the issues will include Title VII cases in addition to § 1981 and ACRA cases.

To prove a retaliation claim, Plaintiff must establish a *prima facie* case which the Defendant can rebut by showing a non-retaliatory reason for the adverse employment act. *See Green v. Franklin Nat. Bank of Minn.*, 459 F.3d 903, 914 (8th Cir. 2006) (Title VII and § 1981 case). If Defendant can establish a legitimate reason for its actions, Plaintiff must show that the given reason was a pretext for discrimination. *Id.*

To make out a *prima facie* retaliation case, Plaintiff must show that she: (1) engaged in protected activity; (2) suffered an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action. *See Box v. Principi*, 442 F.3d 692, 696 (8th Cir. 2006) (Title VII retaliation case). To establish a causal connection, a plaintiff must show the decision maker had actual or constructive knowledge of the protected activity. *See Littleton v. Pilot Travel Centers*, 568 F.3d 641, 645 (8th Cir. 2009) (Title VII and ACRA case; no causal connection when decision maker had no knowledge of protected activity); *Jackson v. United Parcel Service, Inc.*, 548 F.3d 1137, 1143 (8th Cir. 2008) (Title VII retaliation claim; "[A] causal link does not exist if the employer is not aware of the employee's statutorily protected activity." ) (quoting *Wolff v. Berkley Inc*., 938 F.2d 100, 103 (8th Cir. 1991)).

Even if Plaintiff prevailed on the issue of whether Dr. Mabry was the decision maker who terminated her employment, her claims are without merit. Here, by her own testimony, the only evidence that Plaintiff can produce that Dr. Mabry knew of her deposition testimony in the Jackson case is Plaintiff's opinion. When a plaintiff has nothing more that an opinion that she

was retaliated against, she has failed to establish a *prima facie* case. *See Marquez v. Bridgestone/Firestone, Inc.*, 353 F.3d 1037, 1038 (8th Cir. 2004) (*per curium*) (Title VII employment discrimination case; plaintiff's opinion insufficient to substantiate allegations). A plaintiff must "substantiate her allegations with more than speculation or conjecture in order to survive summary judgment." *Id.* Plaintiff has failed to do so.

*Conclusion*

Dr. Mabry's Renewed Motion for Summary Judgment on Plaintiff's § 1981 and ACRA claims is granted and those claims are dismissed.

All of Plaintiff's claims against Dr. Mabry's have been dismissed and the Clerk of the Court is directed to terminated him as a defendant in this case.

**IT IS SO ORDERED THIS  1   day of    June  , 2011.**

_____
James M. Moody
United States District Judge